Filed 10/12/22  In re Bella H. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re BELLA H., a Person Coming Under the Juvenile Court Law. | B320156 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>Y.H.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP07122A) |

APPEAL from an order of the Superior Court of Los Angeles County, Gabriela H. Shapiro, Judge Pro Tempore. Conditionally affirmed and remanded.

Shaylah Padgett-Weibel, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and David Michael Miller, Deputy County Counsel, for Plaintiff and Respondent.

Children's Law Center 3 and Nancy Sarinana for Minor Bella H.

_____

Y.H. (mother) appeals from the April 27, 2022 order terminating her parental rights over her child Bella H. (minor) pursuant to Welfare and Institutions Code section 366.26. She contends that the termination order should be reversed and remanded for compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.). No interested party filed a respondent's brief; instead, counsel for mother, minor, and the Los Angeles County Department of Children and Family Services (the Department) filed a joint application and stipulation for a conditional affirmance and remand to the juvenile court for compliance with ICWA and the issuance of an immediate remittitur.

The parties agree, and we concur, there was noncompliance with the inquiry requirements of ICWA and related California provisions. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) During the course of the proceedings, the Department was in contact with extended maternal family members, including maternal grandfather, a maternal uncle, and a maternal great-aunt. Maternal grandfather and a maternal uncle were present at the initial detention hearing as well. Apart from a report that the

2

Department called and left voicemails for maternal grandfather and maternal uncle the day before mother's parental rights were terminated, the record does not indicate that the Department or the juvenile court asked these relatives about the possibility that minor might be an Indian child.  After reviewing the entire record, we find that the statutory requirements set forth at Code of Civil Procedure section 128, subdivision (a)(8), for a stipulated reversal have been satisfied here.  (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The juvenile court's April 27, 2022, order terminating mother's parental rights under Welfare and Institutions Code section 366.26 is conditionally affirmed and remanded for proceedings required by this opinion. The court shall order the Department to make reasonable efforts to interview maternal grandfather and maternal uncle about the possibility of the minor's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the juvenile court from ordering additional inquiry of others having an interest in the minor. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating mother's parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED.

MOOR, J.

We concur:

BAKER, Acting P. J.          KIM, J.

4